SCAD-15-0000008

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

IRA DENNIS HAWVER,
Respondent.

---

ORIGINAL PROCEEDING
(ODC 14-069-9212)

ORDER OF DISBARMENT
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of the petition for issuance of a reciprocal discipline notice upon Respondent Ira Dennis Hawver, filed on January 7, 2015 by the Office of Disciplinary Counsel pursuant to Rule 2.15(b) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH), and the memorandum and exhibits appended thereto, we note that, on November 14, 2014, the Supreme Court of the State of Kansas disbarred Respondent Hawver for misconduct committed during his representation in a capital murder case in which his client was sentenced to death, misconduct which included incompetence, charging a fee which gave rise to an improper conflict of interest, engaging in conduct that was

prejudicial to the administration of justice and which adversely reflected upon his fitness to practice law, and for failing to timely respond to a formal disciplinary complaint, which constituted violations of Kansas Rules of Professional Conduct Rules 1.1, 1.5, 1.7(a)(2), 1.16(a)(1), 8.4(d), and 8.4(g) and Kansas Rules of the Supreme Court Rule 211(b) and which, if committed in this jurisdiction during the relevant time period, would constitute violations of Rules 1.1, 1.5(a), 1.7(b), and 1.16(a)(1) of the Hawaiʻi Rules of Professional Conduct (1994). Hawver did not submit any arguments as to why a substantially similar discipline should not be imposed upon him in this jurisdiction, and none clearly appears upon the face of the Kansas record. Therefore, in light of the above and the particularly grave consequences of incompetent representation in a capital murder case,

IT IS HEREBY ORDERED Respondent Hawver is disbarred from the practice of law in this jurisdiction, effective 30 days after the date of entry of this order.

IT IS FURTHER ORDERED that, as a condition of reinstatement, in addition to any requirements imposed pursuant to RSCH Rules 2.3, 2.16, and 2.17, Respondent Hawver shall pay all costs of these proceedings as approved upon the timely submission by the Office of Disciplinary Counsel of a bill of costs and an opportunity to respond thereto, as prescribed by

2

RSCH Rule 2.3(c).

IT IS FINALLY ORDERED that Respondent Hawver shall, within 10 days after the effective date of his suspension, file an affidavit with this court that he has complied with the duties and obligations of a disbarred attorney, as set forth in RSCH Rule 2.16(d).

DATED: Honolulu, Hawai'i, May 18, 2015.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson